11th Court of Appeals
Eastland, Texas
Opinion
 
Kenneth Lincicome a/k/a Kenneth Lee Lincicome
            Appellant
Vs.                  No. 11-03-00291-CR – Appeal from Dawson County
State of Texas
            Appellee
 
            The jury convicted Kenneth Lincicome a/k/a Kenneth Lee Lincicome of assault on a public
servant and assessed his punishment at confinement for 10 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which she diligently reviews the voir
dire proceedings, the selection of the jury, the evidence presented at trial, the jury charge, and the
trial court’s actions during the trial, including the trial court’s ordering a recess rather than granting
a motion for continuance and the admission of appellant’s statements at the time of the incident. 
Relying on precedent, counsel explains why she has concluded that the record reflects no reversible
error in each area that she reviews. Counsel states that the appeal is frivolous and without merit. 
            Counsel has furnished appellant with a copy of the brief and has advised him of his right to
review the record and to file a pro se brief. A pro se brief has been filed. Counsel has complied with
the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d
503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516
S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In his pro se brief, appellant contends that the two officers who testified for the State were
“false witnesses.” Appellant also argues that there was no need to indict him for this offense because
he was “found not guilty for assault on an officer at unit level.” The record before this court does
not support either complaint. In the interest of justice, we will also consider appellant’s arguments
as challenges to the sufficiency of the evidence.
            Pepper Rickman testified that she was employed as a correctional officer at the Preston Smith
Unit of the Texas Department of Criminal Justice - Institutional Division at the time of the incident. 
Officer Rickman was in uniform and was escorting offenders back to their housing assignments from
the chow hall when she heard appellant yelling at Officer Joseph Langley. Appellant kept saying:
“You are going to quit f-----g with me.” Instead of having his hands behind his back, as was the
protocol when an offender was talking to an officer, appellant was “slinging his hands” and “talking
with his body.”
            Officer Rickman attempted to talk to appellant in an effort to calm him down. Officer
Rickman also warned appellant of the consequences if he did not calm down. Appellant started to
yell again, and Officer Rickman told him that she was going to place handcuffs on him to secure him
until a supervisor could talk to him. Appellant placed his hands behind his back. When Officer
Rickman approached, appellant began yelling, turned, and struck Officer Rickman. Appellant hit
Officer Rickman hard enough to “knock[] the breath out” of her and to cause bruising and pain.
            Officer Langley testified that, while he was escorting offenders back from the chow hall,
appellant refused to walk inside the designated line. Appellant became belligerent and began cursing
Officer Langley saying: “F--k that. I don’t have to listen to you.” Officer Langley asked appellant
what the problem was, and appellant responded by yelling and cursing. Officer Rickman attempted
to calm appellant. Appellant jerked away from Officer Rickman, turned, and then hit her in the
chest.
            Appellant testified that, as he was returning from the chow hall, he was quietly talking to
another inmate. Officer Langley told the group to be quiet, and appellant responded by stating that
the rules allowed them to talk. Officer Langley singled appellant out of the group and told him to
step outside the line. Appellant testified that Officer Langley approached him and stood about four
to six inches away from his face. Appellant stood with his hands behind his back while Officer
Langley gruffly told him to obey whatever orders Officer Langley gave him. Appellant testified that
he asked Officer Langley to give him “some space” and to let him speak with a supervisor. When
Officer Langley refused, appellant began “to holler as loud” as he could for a supervisor. Appellant
testified that Officer Langley then “backed up off of [appellant] real quick.”
            Appellant stated that, instead of a supervisor, Officer Rickman responded. Appellant stated
that he was standing with his hands behind his back when Officer Rickman grabbed him and pushed
him to the ground. As he fell on his side, appellant grabbed the fence to keep from falling into
another officer. Officer Rickman put him in a headlock, causing his finger to be cut on the fence.
Appellant told Officer Rickman that he and his family were going to sue her for what she had done. 
Appellant did not remember hitting Officer Rickman “on purpose” but stated that it was “possible”
he might have inadvertently struck her.
             As the fact finder, the jury is the sole judge of the weight and credibility of the witnesses’
testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981). After
reviewing all of the evidence in the light most favorable to the verdict, we have determined that a
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). The
evidence is legally sufficient to support the conviction. Appellant’s arguments are overruled.
            After reviewing all of the evidence in a neutral light, we find that the evidence supporting
guilt is neither so weak as to render the conviction clearly wrong and manifestly unjust nor so greatly
outweighed by the overwhelming weight of contrary evidence as to render the conviction clearly
wrong and manifestly unjust. Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Cain
v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
            Following the procedures outlined in Anders, we have independently reviewed the record. 
The record reflects that appellant was afforded reasonably effective assistance of counsel at trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999). We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                                PER CURIAM
 
June 3, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.